(Court of Appeal, Parish of Orleans.)

## MISS NICOLETTA SHELLY vs. LOUIS MIRAMON.

W. J. & P. F. Hennessey for plaintiff and appellee.

Carroll, Henderson & Carroll for defendant and appellant.

ST. PAUL, J.—Considering the agreement of counsel on file

"that the cause be remanded to the Civil District Court, Division D, in order that testimony may be taken and judgment rendered on the question of the defendant in order of seizure and sale rendered in said matter:"

It is ordered that the cause be remanded for the sole purpose of hearing and reporting to this court testimony on the question of acquiescence by appellant in the judgment herein appealed from.

January 24, 1910.

## Defendant's Appeal.

Appeal from the Civil District Court, Division D.

ST. PAUL, J.—Plaintiff issued executory process against property belonging to defendant. The property was duly seized and sold by the Sheriff, and, thereafter, defendant took a devolutive appeal from the order directing the executory process to issue.

Thereupon plaintiff moved to dismiss the appeal on

the ground that defendant had acquiesced in the execution of the writ and the seizure and sale of the property. The case was remanded for the purpose of taking evidence on that point.

This evidence is now before us and shows that defendant was fully cognizant of the proceedings about to be taken against his property, even before such proceedings were begun; that he was in consultation with the parties in interest and raised no objection to the fact or form of such proceedings; that he was present at the sale made by the Sheriff, entered no protest against the same, and even arranged to have some one to bid on the property for his account.

We are of opinion that these facts taken together show a complete acquiescence on the part of defendant in the proceedings. His appeal must, therefore, be dismissed.

### Code of Practice, Arts. 567, 612.

Appeal of Louis Miramon dismissed.